IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **MIRNA ALLEY**<br>        Plaintiff<br>v.<br>**NOVO NORIDSK INC.;**<br>**NOVO NORDISK A/S**<br>        Defendants. | COMPLAINT AND JURY DEMAND CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503-1).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

    1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Mirna Alley_____.

    2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A_____, as N/A_____ of the estate of N/A_____, deceased.

    3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A_____.

    4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A_____.

**Defendant(s)**

    5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        __X__ Novo Nordisk Inc.

        __X__ Novo Nordisk A/S

        _____ Eli Lilly and Company

        _____ Lilly USA, LLC

        _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Ajo, Arizona

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Arizona

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Arizona

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Ajo, Arizona

10. Jurisdiction is based on:

    X    diversity of citizenship pursuant to 28 U.S.C. § 1332

    ___  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the District of Arizona

12. Venue is proper in the District Court identified in Paragraph 11 because:

    X    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

      \_\_\_\_\_ other (plead in sufficient detail as required by applicable rules):

      _____

      _____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

      N/A

## **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__    Ozempic (semaglutide)

    _____    Wegovy (semaglutide)

    _____    Rybelsus (oral semaglutide)

    _____    Victoza (liraglutide)

    _____    Saxenda (liraglutide)

    _____    Trulicity (dulaglutide)

    _____    Mounjaro (tirzepatide)

    _____    Zepbound (tirzepatide)

    _____    Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    7/2019 to 10/2024

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

　　　\_\_\_\_\_ Gastroparesis

　　　\_\_\_\_\_ Other gastro-intestinal injuries (specify)

　　　\_\_\_\_\_ Ileus

　　　\_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

　　　\_\_\_\_\_ Intestinal Obstruction

　　　\_\_\_\_\_ Necrotizing Pancreatitis

　　　__X__ Gallbladder Injury (specify) Gallbladder removal, cholelithiasis

　　　\_\_\_\_\_ Micronutrient Deficiency

　　　\_\_\_\_\_ Wernicke's encephalopathy

　　　\_\_\_\_\_ Aspiration

　　　\_\_\_\_\_ Death

　　　\_\_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

　　　Cholelithiasis and gallbladder removal: 12/2023

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    __X__ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| _X_ | Count I: | Failure to Warn – Negligence |
| _X_ | Count II: | Failure to Warn – Strict Liability |
| _X_ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| _X_ | Count IV: | Breach of Implied Warranty |
| _X_ | Count V: | Fraudulent Concealment/Fraud by Omission |
| _X_ | Count VI: | Fraudulent/Intentional Misrepresentation |
| _X_ | Count VII: | Negligent Misrepresentation/Marketing |
| _X_ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| _X_ | Count IX: | Innocent Misrepresentation/Marketing |
| ____ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| _X_ | Count XI: | Negligence |
| ____ | Count XII: | Negligent Undertaking |
| ____ | Count XIII: | State Product Liability Act (see below) |
| ____ | Count XIV: | Wrongful Death |
| ____ | Count XV: | Loss of Consortium |
| ____ | Count XVI: | Survival Action |

____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    N/A

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

    N/A

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

**The Arizona PLA, codified at Ariz. Rev. Stat. Ann. § 12-681, et seq., may apply but does not constitute a separate count because it does not subsume claims.**

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim

    c. Identify the factual allegations supporting those claims:

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>No such notice is required</u>. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: December 10, 2025

By:

/s/ Craig Silverman, Esq.

NY Atty ID: 4290472

Sullivan Papain Block McManus Coffinas & Cannavo P.C.

120 Broadway Floor 27 NY, NY 10271

csilverman@triallaw1.com

212-266-4125